# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID L. ESPINOZA, | Case No. 1:15-cv-00812 DAD DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATION REGARDING DISMISSAL OF COMPLAINT WITHOUT LEAVE TO AMEND |
| v. | |
| P. SALDIVAR, et al., | |
| Defendants. | |

## I. Screening Requirement and Standard

Plaintiff David L. Espinoza, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 29, 2015.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the

pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

**II.    Discussion**

Plaintiff was incarcerated at Pleasant Valley State Prison in Coalinga, California, at the time the events giving rise to this action occurred. Plaintiff brings this action against the following Defendants: Correctional Case Records Analyst P. Saldivar; Correctional Case Records Supervisor C. Bartz; Correctional Case Records Manager S. Mendonca; Associate Warden D. Fisher; and Warden S. Frauenheim.

While not entirely clear, Plaintiff appears to challenge the computation of his sentence. He claims that his sentence and release date have been miscalculated. He requests that his sentence be recalculated to award him with proper credits. A civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. *McCarthy v. Bronson*, 500 U.S. 136, 141-42 (1991); *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991). On the other hand, a habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his

confinement.  *Badea*, 931 F.2d at 574 (*quoting Preiser*, 411 U.S. at 485; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.  In this case, Plaintiff is challenging the duration of his sentence; therefore, he must seek relief by filing a habeas corpus petition pursuant to 28 U.S.C. § 2254.

**III.     Recommendation**

Accordingly, the Court hereby RECOMMENDS that the complaint be DISMISSED without leave to amend, and that the Clerk of Court be DIRECTED to send Plaintiff blank forms for filing a habeas petition.

This Findings and Recommendation is submitted to the District Judge assigned to this case pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 19, 2016**                             **/s/ Sandra M. Snyder**
                                                                    UNITED STATES MAGISTRATE JUDGE

3