1

2

3

4

5

6

7

# UNITED STATES DISTRICT COURT

8

EASTERN DISTRICT OF CALIFORNIA

9

10    DAVID L. ESPINOZA,                          Case No. 1:15-cv-00812 DAD DLB PC

11              Plaintiff,                        ORDER VACATING FINDINGS AND
                                                  RECOMMENDATION REGARDING
12        v.                                      DISMISSAL OF COMPLAINT WITHOUT
                                                  LEAVE TO AMEND
13    P. SALDIVAR, et al.,
                                                  ORDER DIRECTING PLAINTIFF TO FILE
14              Defendants.                       FIRST AMENDED COMPLAINT

15                                                [THIRTY DAY DEADLINE]
      _____/
16

17          Plaintiff David L. Espinoza, a former state prisoner proceeding pro se and in forma

18   pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 29, 2015.  On April 20,

19   2016, the Court screened the complaint and determined that Plaintiff had failed to state a claim.

20   The Court issued Findings and Recommendations that the complaint be dismissed without leave to

21   amend because it was clear based on the factual allegations in the complaint that Plaintiff was not

22   entitled to relief under § 1983.

23          On May 19, 2016, Plaintiff filed objections to the Findings and Recommendation.  Plaintiff

24   contends that he is solely alleging civil rights violations, and is not seeking habeas corpus relief.

25   As discussed in the Findings and Recommendation, the complaint was vague and brief.  To the

26   extent that Plaintiff's arguments could be discerned, it appeared that he was challenging the

27   calculation of his sentence.  Regardless of whether he was seeking only monetary damages,

28   success in this case would necessarily impact his sentence.  Therefore, it was clear that Plaintiff's

remedy lay in habeas.  Preiser v. Rodriguez, 411 U.S. 475, 499 (1973); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991).

In his objections, Plaintiff states that he has now been released from the correctional facility.  That being the case, Plaintiff is correct that his situation is now similar to the plaintiff's in Badea, 931 F.2d 573.  Since Plaintiff has been released, resolution of the claims in this case would not affect the duration of his sentence.  Id. at 574.  In addition, since any challenge to the duration of his sentence is now moot, Plaintiff would not be able to seek habeas relief.  Id.  Therefore, his challenge to the determination of his eligibility for parole may properly be considered in a civil rights action.

Accordingly, IT IS HEREBY ORDERED that the Findings and Recommendation issued on April 20, 2016, is VACATED.  Plaintiff is DIRECTED to file a First Amended Complaint within thirty (30) days of the date of service of this order.  Plaintiff is advised that failure to comply with this or any other court order may be grounds for imposition of sanctions, including dismissal of the case.

IT IS SO ORDERED.

Dated:   **May 24, 2016**                                  **/s/ Sandra M. Snyder**
                                                    UNITED STATES MAGISTRATE JUDGE