UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID ESPINOZA, | ) | Case No.: 1:15-cv-00812-DAD-SAB (PC) |
| Plaintiff, | ) ) | |
| v. | ) ) | FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF |
| P. SALDIVAR, et al., | ) ) | |
| Defendants. | ) | [ECF No. 15] |
| | ) ) | |

Plaintiff David Espinoza is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff declined United States Magistrate Judge jurisdiction; therefore, this matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Currently before the Court is Plaintiff's first amended complaint, filed June 27, 2016.

**I.**

**BACKGROUND**

On April 20, 2016, the previously assigned Magistrate Judge issued Findings and Recommendations recommending that Plaintiff's complaint be dismissed, without leave to amend, for failure to state a cognizable claim for relief under section 1983. Plaintiff filed objections on May 19, 2016. On May 25, 2016, the Findings and Recommendations were vacated and Plaintiff was directed

1

1  to file an amended complaint within thirty days.  Plaintiff filed an amended complaint on June 27, 2016.

On September 8, 2016, the action was reassigned to the undersigned.

## II.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by persons proceeding in pro per.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights.  Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

While persons proceeding pro se are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

///

///

2

## III.

## COMPLAINT ALLEGATIONS

Plaintiff contends that his due process rights were violated by failing to institute and fairly effectuate the early evaluation and release of second strike prisoners who have served 50 percent of their prison sentences.

Defendants, specifically, Saldivar, Bartz, Mandonca and Fisher, were acting outside of their positions and roles as employees of the California Penal System when they: (1) misrepresented the basis for not including Plaintiff in the early release consideration program; (2) misrepresented the failure of the Defendants to effectuate the plan to reduce prison populations, as required by both State law and U.S. District Court decisions; (3) arbitrarily and capriciously denied Plaintiff's application for inclusion in the prisoner reduction program; (4) intentionally, and without justification or color of law, and contrary to the specific statutory provisions, amended Plaintiff's "early release date" so as to make Plaintiff ineligible for early release consideration; (5) Defendants' actions, in unlawfully applying additional milestone completion credits, contrary to California State Codes that limit the application of such credits annually, were knowing and intentional acts, performed to punish Plaintiff for utilizing his rights for determination and appeal of determinations of his sentence; and (6) Defendants, specifically, Saldivar, Bartz, Mandonca and Fisher, and Fraunheim, through the ratification of the actions of the other Defendants, acted intentionally and personally, outside of their professional capacities, but still applied their wrongful and fraudulent actions under the color of California law.

Plaintiff seeks compensatory and punitive damages, as well as costs and fees.

## IV.

## DISCUSSION

Plaintiff's claim is based on an order issued by the three-judge panel in the consolidated cases of <u>Coleman v. Brown</u>, case number 2:90-cv-00520-LKK-DAD, and <u>Plata v. Brown</u>, case number 3:01-cv-01351-THE, currently pending in the Eastern District of California. The gist of Plaintiff's claim is that the Court ordered the California Correctional system "immediately implement the following measures: "(b) Create and implement a new parole determination process through which

non-violent second-strikers will be eligible for parole consideration by the Board of Parole Hearings once they have served 50% of their sentence; …"

Plaintiff contends as a "second striker" he met the reduction criteria and was originally scheduled to have an earliest possible parole date of July 2, 2015.

On June 4, 2014, in a release date change notice, Plaintiff's calculated release date was changed from August 13, 2015 to July 2, 2015 based upon completion of six (6) "Milestone Completion Credits." Despite being "within 12 months of the 50% time served", Plaintiff was not referred for parole consideration or release. On August 10, 2014, Plaintiff filed a request for an interview. In response to the request, Defendant Saldivar, intentionally and/or negligently misrepresented the federal court ruling and the implementation by the correctional facilities claiming that Plaintiff "would not fall under the new federal Court order for the 2nd strike @ 33.3% which your date has already been recalculated." Saldivar's response was reviewed by Defendant Bartz.

Plaintiff contends that as of October 16, 2014, Defendants Fisher and Frauenheim, as representatives of the California State Prison System were failing to comply with the order of the Court in Brown.

Plaintiff's early release date was changed by Defendants, at some time between the responses to Plaintiff's first and second level inmate appeals. The change in the early release date was performed intentionally by Defendant Saldivar when he added two additional weeks of milestone completion credit. This change made Plaintiff ineligible for the early release program.

The Coleman action deals with the constitutional adequacy of the mental health care provided to inmates within the California Department of Corrections and Rehabilitation [CDCR], and the class action consists of "all inmates with serious mental disorders who are now, or who will in the future be, confined with the [CDCR]." See Lopez v. Ndoh, No. 16-cv-0011-AWI-JLT, 2016 WL 3418432, at *1 (E.D. Cal. June 22, 2016), citing Class Cert. Order, Nov. 14, 1991, 4-5, No. 90-0520 LKK-JFM (E.D. Cal.). The Plata class action deals with the constitutional adequacy of CDCR's inmate medical health care, and the class consists of "all prisoners in the custody of the [CDCR] with serous medical needs." See Lopez v. Ndoh, 2016 WL 3418432, at *1, citing Stip. for Inj. Relief 5, No. 24, No. 01-cv-01351 THE (N.D. Cal.).

Plaintiff does not indicate that he is actually a member of either the Coleman or Plata classes. Rather, Plaintiff argues that, as a non-violent "second-striker," he is eligible for the early release program set forth in an order issued on February 10, 2014. The February 10, 2014, order provided, inter alia, an extension until February 28, 2016 of the deadline previously imposed to reduce the prison population to 137.5% design capacity. Of importance, here, the order directed California to increase good time credits prospectively for certain categories of inmates, including non-violent second-strike offenders.

Plaintiff's claim is not cognizable by way of section 1983. It is well-settled that the remedial orders issued in Coleman and Plata do not provide an independent cause of action under section 1983, as the orders do not create or expand on a plaintiff's constitutional rights. Coleman v. CDCR, No. 09-cv-02192-SKO PC, 2011 WL 2619569, at *4 (E.D. Cal. July 1, 2011), citing Cagle v. Sutherland, 334 F.3d 980, 986-87 (9th Cir. 2003) (consent decrees often go beyond constitutional minimum requirements, and do not create or expand rights); see also Green v. McKaskle, 788 F.2d 1116, 1123 (5th Cir. 1986) (remedial decrees remedy constitutional violations but do not create or enlarge constitutional rights and cannot serve as a substantive basis for damages). Accordingly, Plaintiff's first amended complaint must be dismissed for failure to state a cognizable claim for relief under section 1983. Although the Court would generally grant Plaintiff leave to amend in light of his pro se status, amendment is futile in this instance because the deficiencies cannot be cured by amendment. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); Schmier v. U.S. Court of Appeals for the Ninth Circuit, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend); see also Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (a civil rights complaint seeking habeas relief should be dismissed without prejudice to filing as a petition for writ of habeas corpus).

## V.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that the instant action be dismissed for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 7, 2016**

UNITED STATES MAGISTRATE JUDGE